UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| |
|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FELIPE RODRIGUEZ |

No. 16-cr-236 (VAB)

## ORDER ON MOTION TO DISMISS THE INDICTMENT

On December 21, 2016, Felipe Rodriguez ("Defendant") was indicted and charged with possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and committing an offense while on release in violation of 18 U.S.C. § 3147. ECF No. 13. No scheduling order was ever filed in this matter to schedule a jury selection date and a trial date. On March 17, 2017, Mr. Rodriguez filed a motion to dismiss the indictment with prejudice. ECF No. 21.

On April 7, 2017, the United States of America (the "Government") filed its objection to Mr. Rodriguez's motion to dismiss the indictment. Oral argument on this motion was held on May 8, 2017. For the reasons that follow, the Court dismisses the indictment in this case without prejudice and **DENIES** Mr. Rodriguez's motion to dismiss the indictment with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2016, Mr. Rodriguez was arrested under the criminal complaint in this case. At the time of this arrest, Mr. Rodriguez was on release pending sentencing in another matter pending before this Court, *United States v. Felipe Rodriguez*, 15-cr-116 (VAB) (D. Conn.). Mr. Rodriguez was detained by order of Magistrate Judge Richardson, ECF No. 9, and has been in federal custody since his December 15, 2016 arrest.

1

On December 21, 2016, the indictment in this case was returned and publically filed. ECF No. 13. The indictment charges Mr. Rodriguez with two counts of possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and two counts of committing an offense while on release in violation of 18 U.S.C. § 3147. *See generally* Indictment, ECF No. 13. This matter was originally assigned to Judge Covello, but after the Government filed a notice of related case on January 17, 2017, ECF No. 17, this case was transferred to this Court (Bolden, J.) on January 18, 2017. ECF No. 18.

On April 7, 2017, Mr. Rodriguez filed a motion to dismiss the indictment in this case, alleging a violation of 18 U.S.C. § 3161 (the "Speedy Trial Act"). ECF No. 19. Between the January 18, 2017 transfer of this case and Mr. Rodriguez's April 7, 2017 motion, there was no docket activity in this case. No scheduling order to schedule a jury selection date and trial date was ever filed in this matter. Eighty-four (84) days passed between the unsealing of the indictment and the date that Mr. Rodriguez filed his motion.

### A. Previous Case (15-cr-116)

On July 2, 2015, Mr. Rodriguez was indicted and charged with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2). Mr. Rodriguez was presented and arraigned on August 4, 2015, before Magistrate Judge Garfinkel, and Mr. Rodriguez agreed to detention without prejudice. 15-cr-116, ECF No. 7, ECF No. 10. On September 25, 2015, Mr. Rodriguez filed a consent motion for release and a bond hearing. 15-cr-116, ECF No. 14. On October 13, 2015, the Court (Garfinkel, J.) granted Mr. Rodriguez's motion for release and set conditions of release. 15-cr-116, ECF No. 20. The

conditions of release included, among other requirements, that Mr. Rodriguez "must not violate federal, state, or local law while on release"; that Mr. Rodriguez must "not possess a firearm, destructive device, or other weapon"; and that Mr. Rodriguez must "not use or unlawfully possess a narcotic drug or other controlled substances." *Id.*

On June 29, 2016, Mr. Rodriguez pled guilty to Count One of the indictment, which charged him with possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* 15-cr-116, ECF No. 38. On October 4, 2016, Mr. Rodriguez filed a consent motion to continue sentencing and to apply to participate in the Support Court program in Hartford. 15-cr-116, ECF No. 55. On October 5, 2016, The Court granted the motion. 15-cr-116, ECF No. 56.

### B. Facts Underlying Current Case

On December 5, 2016 and December 7, 2016, a FBI Confidential Human Source ("CHS") conducted controlled purchases of heroin from Mr. Rodriguez. *See* Gov. Br. at 5-8, ECF No. 22. During the December 5, 2016 controlled purchase, Mr. Rodriguez gave the CHS a business card with his name and a phone number, telling the CHS to contact him for future narcotics purchases. *Id.* at 6. During the December 7, 2016 controlled purchase, the CHS also asked Mr. Rodriguez if he had any firearms for sale, and Mr. Rodriguez told the CHS that he had a firearm inside his house. *Id.* at 8.

On December 14, 2016, state and federal investigators conducted a search of Mr. Rodriguez's residence under a search warrant. Gov. Br. at 8. Among other items, the investigators found and seized a gun, ammunition, and a Los Solidos gang contract. *Id.* at 8-9.

## C.     Government Delay

On January 12, 2017, the Government produced nineteen pages of preliminary discovery, including the seven-page complaint affidavit, to Mr. Rodriguez. Def.'s Br. at 2, ECF No. 20. On January 31, 2016, Mr. Rodriguez requested further discovery from the Government, including materials related to evidence of drug distribution by other individuals in close proximity to the location where Mr. Rodriguez was arrested. *Id.* On March 9, 2017, Mr. Rodriguez followed up on the request for further discovery. *Id.*

The Government acknowledges that it failed to respond to both of Defendants' requests for further discovery. See Gov. Br. at 10-11. The Government attorney was preparing for and trying a case around the end of January, with a jury selection "held on February 2" and that "concluded with a verdict on February 13, 2017." *Id.* at 11. Around March 9, 2017, the time of Defendant's second request, the Government attorney was preparing for a transition within the United States Attorney's Office when the United States Attorney "was unexpectedly ordered to submit her resignation." *Id.* The Government concedes that it had "failed to expeditiously prosecute this matter," but that it was "not the product of bad faith or a pattern of neglect." *Id.*

The Government concedes that it has violated the Speedy Trial Act. Gov. Br. at 1 ("The United States agrees that it has transgressed the Speedy Trial Act."). The Government objects to Mr. Rodriguez's motion to dismiss the indictment with prejudice and argues that the Court should instead dismiss the indictment without prejudice. *Id.*

On April 4, 2017, the Government filed a Motion for Order to Show Cause why Mr. Rodriguez's bond should not be revoked in the previous case. 15-cr-116, ECF No. 63. The motion referred to three violations Mr. Rodriguez's release conditions, namely that Mr.

Rodriguez "must not violate federal, state, or local law while on release"; that he "not possess a firearm"; and that he not "unlawfully possess a narcotic drug." 15-cr-116, ECF No. 63 at 2.

## II. DISCUSSION

The Speedy Trial Act provides, in relevant part, that where a defendant enters a plea of not guilty, the "trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "If a defendant is not brought to trial within the time limit" provided in the Speedy Trial Act, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

When determining whether to dismiss the indictment "with or without prejudice," the court shall consider, among other factors: (1) "the seriousness of the offense"; (2) "the facts and circumstances of the case which led to the dismissal"; and (3) "the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). In addition, "prejudice to the defendant should also be considered." *United States v. Bert*, 814 F.3d 70, 79 (2d Cir. 2016); *see also United States v. Taylor*, 487 U.S. 326, 341 (1988) ("Thus, although the absence of prejudice is not dispositive, in this case it is another consideration in favor of permitting reprosecution."). A court "must carefully consider" all of these factors "as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." *Bert*, 814 F.3d at 79 (emphasis removed).

The Government concedes that the Speedy Trial Act has been violated, as more than seventy (70) days elapsed between the filing of the indictment on December 21, 2016, ECF No.

13, and the date when Mr. Rodriguez filed his motion to dismiss the indictment with prejudice on April 7, 2017, ECF No. 19, without a trial date or jury selection date being scheduled. Because Mr. Rodriguez was, therefore, "not brought to trial within the time limit" under the Speedy Trial Act, and because Mr. Rodriguez has filed a motion to dismiss the indictment, the "indictment shall be dismissed." 18 U.S.C. § 3162(a)(2); *see also Bert*, 814 F.3d at 78 (noting the Speedy Trial Act's "unambiguous mandate" that "the court [is] required to dismiss the indictment upon [defendant's] motion" when the Speedy Trial Act is violated). The Court must then consider whether to dismiss the indictment with or without prejudice. For the reasons that follow, the Court dismisses the indictment without prejudice.

### A. Seriousness of the Offense

"[W]here the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *Bert*, 814 F.3d at 79 (citing *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir.1986)). The Second Circuit also notes that "[t]he seriousness of the delay is not a standalone factor," and is, instead, "a component of both the 'facts and circumstances' factor and the 'prejudice' factor, and together these two factors determine the seriousness of the delay." *Id.* at 79-80. Thus, the seriousness of the underlying offense "may be outweighed by the other factors, and the length of the delay may contribute to such a counterweight." *Id.* at 80.

Courts in this Circuit generally find that this "seriousness factor ordinarily focuses solely on the charge rather than . . . the strength of the government's case or the likely outcome of the proceedings." *United States v. Munlyn*, 607 F. Supp. 2d 394, 398 (E.D.N.Y. 2009). The Second Circuit has found that "[a]ny charge related to drug transactions must be considered serious."

*United States v. Giambrone*, 920 F.2d 176, 178 (2d Cir. 1990) (discussing case involving charge of distributing and conspiring to distribute eight ounces of cocaine).

The indictment at issue charges Mr. Rodriguez with offenses that "carry substantial maximum penalties," Def.'s Br. at 7, namely two counts of possession with intent to distribute and distribution of heroin and two counts of committing an offense while on release. *See* Indictment. Mr. Rodriguez questions whether the discovery he has been provided "support[s] a determination that the alleged conduct involved a significant quantity of drugs." Def.'s Br. at 7. Mr. Rodriguez also notes that the indictment "refers only to alleged conduct on the dates prior to Mr. Rodriguez's arrest," and that the indictment "identifies no additional drugs allegedly attributable to him." *Id.* As the Government argues, the maximum penalty on the drug charges is twenty years of imprisonment. Gov.'s Br. at 10; *see also* 21 U.S.C. § 841(b)(1)(C) ("[S]uch person shall be sentenced to a term of imprisonment of not more than 20 years."). The charges of committing an offense while on release carry "a term of imprisonment of not more than ten years if the offense is a felony," and the term of imprisonment "shall be consecutive to any other sentence of imprisonment." 18 U.S.C. § 3147.

The Court finds that the charges in the indictment are serious, as they involve the alleged distribution of heroin. *See Giambrone*, 920 F.2d at 178 (finding that charges related to drug transactions "must be considered serious"). This factor therefore weighs in favor of dismissal without prejudice, though this factor alone is not dispositive. *See Bert*, 814 F.3d at 79-80 (noting that the seriousness of the offense "may be outweighed by other factors").

B.    **Facts and Circumstances of the Case Leading to Dismissal**

The "facts and circumstances of the case which led to dismissal," 18 U.S.C. § 3162(a)(2), is a factor that "focuses equally on the impact of the court's conduct and the impact of the

government's conduct on any judicial delay." *Bert*, 814 F.3d at 80. The Speedy Trial Act "controls the conduct of the parties and the court itself during criminal pretrial proceedings." *Id.*

Dismissal with prejudice "does not always require a finding of 'evil motive,'" and this factor may favor dismissal with prejudice "in situations where the delay is attributable to a 'truly neglectful attitude.'" *Bert*, 814 F.3d at 80 (citing *Taylor*, 487 U.S. at 338). The Second Circuit has found that the negligence of the court or the government "renders the second factor . . . neutral, at best where the delay is not overly long and there has been no showing of prejudice." *Id.* (internal quotation marks omitted).

Mr. Rodriguez "does not allege that bad faith contributed to the delay in this matter," but notes that a delay caused by neglect and "inadvertence" is "still very much a violation of the spirit and letter of the Speedy Trial Act." Def.'s Br. at 8. The Government has conceded that it erred in causing the delay and further argued that the delay in this case arose from unusual circumstances that are unlikely to recur. *See* Gov Br. at 10-11. Specifically, the Government argues that the United States Attorneys nationwide, including in the District of Connecticut, had been "unexpectedly ordered to resign" around the time Mr. Rodriguez followed up regarding additional discovery in this case on March 9, 2017, and that the Government's attorney was then required to participate in "transition planning" as the likely next Acting Untied States Attorney, though that situation was otherwise resolved by the next week. *Id.* at 11.

Negligence on the part of the Court or the Government renders the facts and circumstances leading to dismissal factor "neutral, at best," so long as "the delay is not overly long and there has been no showing of prejudice." *Bert*, 814 F.3d at 80. The Second Circuit has also emphasized that "'bad faith' is not a prerequisite to dismissal with prejudice," and that something like "[a] factually supported finding of a pattern of neglect, thus showing a 'truly

8

neglectful attitude,' either on the part of the government or the court," may "along suffice to tip the 'facts and circumstances' factor in favor of dismissal with prejudice." *Bert*, 814 F.3d at 80-81 (citing *United States v. Hernandez*, 863 F.2d at 239, 244 (2d Cir. 1988)).

The Court finds that the facts and circumstances surrounding the delay in this case are a neutral factor in terms of whether to dismiss this case with prejudice, because the "delay [was] not overly long," and, as will be discussed below with regard to the prejudice to Mr. Rodriguez, "there has been no showing of prejudice." *Bert*, 814 F.3d at 80. The Court finds that there was no bad faith contributing to this delay, as Mr. Rodriguez acknowledges, and the Court also finds that there is no "pattern of neglect" suggesting a "truly neglectful attitude" on the "part of the government or the court" that could tip this factor in favor of dismissal with prejudice, *id.* at 80-81.

### C. Impact of Reprosecution

The "impact of a reprosecution" on the administration of the Speedy Trial Act and "the administration of justice" are factors that the Court must consider in determining whether to dismiss the indictment with or without prejudice. 18 U.S.C. § 3162(a)(2). "It is beyond question that dismissal without prejudice is not a toothless sanction," but it is also clear "that the sanction of dismissal with prejudice has more bite." *Bert*, 814 F.3d at 82 (internal quotation marks omitted). Dismissal without prejudice "imposes some costs on the prosecution and the court," though "the prosecutor may of course seek – and in the great majority of cases will be able to obtain – a new indictment." *Id.* (citing *Zedner v. United States*, 547 U.S. 489, 499 (2006)). The Second Circuit has explained that district courts "should identify and explain the administrative neglect that caused the particular delay at issue, as well as consider any potential administrative changes that might be warranted in light of that violation." *Id.* at 83.

9

Mr. Rodriguez correctly points out that any violation of the Speedy Trial Act means that "the administration of justice is adversely affected" and that "the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'" *Bert*, 814 F.3d at 83 (internal citations omitted). The Government has explained the reasons for the neglect that led to the violation of the Speedy Trial Act in this case, and it assures the Court that this delay will not be repeated in this case, should the indictment be dismissed without prejudice and reprosecuted, or in any other case. *See* Gov. Br. at 10-12. The Court finds that dismissal without prejudice, which "imposes some costs on the prosecution and the court," Bert 814 F.3d at 82, though it is not as harsh a sanction as dismissal with prejudice, is enough of a deterrent here to prevent future mistakes of the kind that occurred in this case.

## D. Prejudice to Defendant

"Although the absence of prejudice to the defendant is not dispositive, it can be another consideration in favor of permitting reprosecution." *Bert*, 814 F.3d at 81 (internal quotation marks omitted); *see also Taylor*, 487 U.S. at 341 (noting in case with fourteen day delay past the seventy day indictment to trial deadline and where defendant was being held not only for the new charges "but also on a valid bench warrant issued after he did not appear" that there was no prejudice because no "additional restrictions or burdens on his liberty" were added because of the Speedy Trial Act violation). The Supreme Court has noted that "[t]he length of delay, a measure of the seriousness of the speedy trial violation, in some ways is closely related to the issue of the prejudice to the defendant," in that, "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *Taylor*, 487 U.S. at 340.

There are two types of prejudice that the Court should consider when analyzing this factor, "(1) trial prejudice, i.e., prejudice in the defendant's ability to mount a defense at trial; and (2) non-trial prejudice." *Bert*, 814 F.3d at 82. Non-trial prejudice to a defendant potentially arises because "[i]nordinate delay between public charge and trial," regardless of whether defendant is "free on bail or not," "may seriously interfere with the defendant's liberty" and "may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Id.* (citing *Taylor*, 487 U.S. at 340-41).

Mr. Rodriguez argues that there is trial prejudice in this case, because the delay in the Government providing addition discovery and allowing him to investigate his case will make pursuing his defense more difficult. *See* Def.'s Br. at 8-9. The Government argues that, because the underlying controlled drug transactions with the confidential informant occurred in December of 2017, only a few months have passed between those events and the present, which is not enough time for witness's memories to fade. *See* Gov.'s Br. at 12. The Court finds that the delay in this case, which was only about fourteen days before Mr. Rodriguez filed his motion to dismiss the indictment, is not enough to cause trial prejudice. *See Taylor*, 487 U.S. at 341 (noting that there was an "absence of prejudice" that favored "permitting reprosecution" where a fourteen day delay may not have caused "prejudice to [defendant's] trial preparation").

Mr. Rodriguez also argues that he has suffered significant non-trial prejudice, as he had been "productively employed," "actively engaged in the Hartford Support Court program and related counseling," and "was working to rebuild relationships with his children" at the time of his arrest in this case. Def.'s Br. at 9-10. This case has also delayed his sentencing in the earlier criminal case. *Id.* at 10. He has now been incarcerated for more than four months, which

necessarily impacts his life. *See Bert*, 814 F.3d at 82. Because, however, the events leading to Mr. Rodriguez's indictment and arrest in this case also suggested that he had violated his conditions of release in his earlier case, 15-cr-116 (VAB), the Government would have had grounds to move for the revocation of his bond and for his detention, even in the absence of the indictment in this case. In fact, the Government has now moved, as of April 4, 2017, for the revocation of bond, on the grounds of three violations of Mr. Rodriguez's release conditions, specifically that he "must not violate federal, state, or local law while on release"; that he "not possess a firearm"; and that he not "unlawfully possess a narcotic drug." 15-cr-116, ECF No. 63

The Supreme Court, in *Taylor*, has noted that there was an "absence of prejudice" that, while "not dispositive" was "another consideration in favor of permitting reprosecution" that the district court should have considered in a case involving a fourteen day delay past the Speedy Trial Act deadline, like the one in this case, and where the defendant was being held not only for the new charges "but also on a valid bench warrant." *Taylor*, 487 U.S. at 341. The Court finds that the non-trial prejudice to Mr. Rodriguez was minimal, and therefore does not require the dismissal of the indictment with prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court dismisses the indictment in this case without prejudice. The Court **DENIES** Mr. Rodriguez's motion, ECF No. 21, to dismiss the indictment with prejudice.

SO ORDERED at Bridgeport, Connecticut, this 9th day of May, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge